986 F.2d 1428
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Barbara M. MULLIGAN, Plaintiff-Appellant,
v.
GIRL SCOUTS--WAGON WHEEL COUNCIL, a Colorado non-profit
corporation, Defendant-Appellee.
 No. 92-1144.
 United States Court of Appeals, Tenth Circuit.
 Feb. 19, 1993.
 
 Before McKAY, Chief Judge, and SEYMOUR and PAUL KELLY, Jr., Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff, Barbara M. Mulligan, appeals from an order of the district court granting the Defendant Girl Scouts--Wagon Wheel Council's motion for summary judgment.
 
 
 3
 Ms. Mulligan brought this action pursuant to 29 U.S.C. § 1132(a)(1)(B), (3)(B) (1988). Ms. Mulligan alleged that Defendant failed to provide her with continuation coverage in its health care plan after she was terminated from her employment, as required by the Consolidated Omnibus Budget Reorganization Act (COBRA), 29 U.S.C. § 1161(a) (1988).
 
 
 4
 Ms. Mulligan worked for Defendant from 1979 to 1989 as a field executive and participated in an employer sponsored group health care plan. After her termination, she made a timely election of continuation coverage under COBRA. She received benefits for three months as required by Colorado law. After that time, Defendant refused to provide additional coverage on the ground that it was exempt from COBRA by the small employer exception. See id. § 1161(b) (employer who employed fewer than twenty employees on a typical business day during the preceding calendar year is exempt from COBRA requirements).
 
 
 5
 The parties agreed that Defendant had eighteen employees. The dispute arose over whether two individuals (the Niskerns) who provided janitorial services for Defendant for ten hours a week were employees or independent contractors. The parties agree that if the Niskerns were employees, Defendant is required to provide COBRA benefits for Ms. Mulligan.
 
 
 6
 The district court held that the Niskerns were independent contractors. Because all material facts are undisputed, we only review the propriety of the district court's conclusion, under the agreed facts, that the Niskerns were independent contractors.
 
 
 7
 After reviewing the trial court's order, the briefs, the cases, and the record, it is our judgment that the decision is affirmed for substantially the reasons given by the trial court.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or sued by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3